**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**MISC. NO. 1:08MC5**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| **515 CONCORD AVE., ANDERSON,** | ) | |
| **SC; ROBERT B. CLARKSON** | ) | |
| _____ | ) | |

     **THIS MATTER** is before the Court pursuant to an Order of Transfer

entered by United States Magistrate Judge William M. Catoe, in the United

States District Court for the District of South Carolina, Anderson Division.

     The procedural history of the case is as follows.  On June 18, 2007,

in the United States District Court for the District of South Carolina,

Greenville Division, Robert B. Clarkson, filed an initial *pro se* motion for

return of property under Rule 41(g).  The Government opposed the motion,

stating that the FBI had seized the items in question on May 3, 2007,

pursuant to a valid search warrant.  **Government's Response to Motion**

**for Return of Seized Property, filed August 9, 2007, at 1, 7.**  The

Magistrate Judge granted the motion in part and denied it in part, ordering

the Government to return to Clarkson "any items seized on May 3, 2007, which are not relevant to the ongoing investigation in this case." **Order, entered August 10, 2007, at 2.**

On October 11, 2007, Clarkson filed a second *pro se* motion with the District Court in Greenville, again requesting return of seized property pursuant to Rule 41(g). **Second Motion for Return of Property (Rule 41g), filed October 11, 2007.** The Government responded in opposition, stating that Clarkson had already retrieved "numerous boxes of items which had been seized pursuant to the search warrant. The items which were kept by the FBI are useful to the investigation and have evidentiary value to the prosecution" of Clarkson. **Government's Response to Second Motion for Return of Seized Property, filed October 23, 2007, at 2.** Clarkson responded, disputing the Government's assertion that the items in question were useful or valuable as evidence. **Reply to the Government's Response to Second Motion for Return of Property, filed November 6, 2007, at 1.** The Magistrate Judge then transferred this dispute to the undersigned, observing that "any further decisions concerning evidence in this case should properly be made by the trial court." **Order, entered January 15, 2008, at 1.**

Federal Rule of Criminal Procedure 41, which governs searches and

seizures, provides in part:

> A person aggrieved by an unlawful search and seizure of
> property or by the deprivation of property may move for the
> property's return.  The motion must be filed in the district where
> the property was seized.  The court must receive evidence on
> any factual issue necessary to decide the motion.  If it grants
> the motion, the court must return the property to the movant,
> but may impose reasonable conditions to protect access to the
> property and its use in later proceedings.

**Fed. R. Crim. P. 41(g).**  The Advisory Committee Notes to the Rule state:

> [R]easonableness under all of the circumstances must be the
> test when a person seeks to obtain the return of property.  If
> the United States has a need for the property in an
> investigation or prosecution, its retention of the property
> generally is reasonable.  But, if the United States' legitimate
> interests can be satisfied even if the property is returned,
> continued retention of the property would become
> unreasonable.

**Fed. R. Crim. P. 41(g) advisory committee's note to 1989 Amendments**

**(discussing Rule 41(g)'s predecessor, Rule 41(e)).**  A ruling on a

request for the return of property pursuant to Rule 41(g) is within the

Court's discretion.  ***United States v. Hurley*, 105 F. App'x 452, 454 (4th**

**Cir. 2004).**

Here, the key factual issue is whether the United States has a need

for Defendant's property in any investigation or prosecution.  Accordingly,

the Court requests the Government to file any evidence in its possession that it believes is necessary to address this issue – such as, for example, an itemized list of the seized property and/or search warrant(s) and accompanying affidavits.  Should the Government determine that there is a need for secrecy in such a filing, the Court will entertain an accompanying motion to file the evidence under seal for the Court's *in camera* review.

**IT IS, THEREFORE, ORDERED** that, within 14 days from the issuance of this Order, the Government shall produce evidence pertaining to the continuing need for Defendant's property in an investigation or prosecution.

Signed: January 29, 2008

Lacy H. Thornburg
United States District Judge