# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## MISC. NO. 1:08MC5

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| 515 CONCORD AVE., ANDERSON, ) | |
| SC; ROBERT B. CLARKSON ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Robert Clarkson's *pro se* "Motion for New Trial," filed March 6, 2008, wherein he challenges the Court's order issued February 27, 2008 (hereinafter, the "February 27 order"), denying his request for return of property seized by the FBI pursuant to a search warrant on May 3, 2007.

As an initial matter, Clarkson has not been party to any trial in this Court, and therefore, any request for a "new trial" pursuant to Federal Rule of Civil Procedure 59 must necessarily be moot.

The Court will, however, treat Defendant's motion as a request for reconsideration of the February 27 order, pursuant to Federal Rule of Civil

Procedure 60(b). That Rule allows the Court to reconsider a final judgment, order, or proceeding on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

**Fed. R. Civ. P. 60(b).**

Defendant's current motion contains no indication that grounds for reconsideration exist under Rule 60(b)(1), (2), (4), (5), or (6). The motion does, however, allege that the Government – the opposing party in this case – "has been disingenuous with the court," thus suggesting fraud under Rule 60(b)(3). **See Motion for New Trial, ¶ 12.** Specifically, Defendant alleges the Government reneged on its "promise" to return some silver medallions and/or coins to Defendant. *Id.* ¶ 3. He also requests the return of his computer hard drive, law school diploma,

personal correspondence, unspecified property belonging to his wife, and "the financial records and accounts of the Patriot Network." *Id.* ¶¶ **10, 11.**

Defendant's assertions are unfounded, because this Court has specifically authorized the Government to retain each of the items Defendant requests in the instant motion. Earlier in these proceedings, at the request of the Court, the Government submitted a list of all retained items, along with a sealed copy of the original affidavit to the search warrant of May 3, 2007. **Exhibit A,** *attached to* **Government's Response in Opposition to Motion for Return of Seized Property, filed February 11, 2008 (hereinafter, "Exhibit A"); Sealed Document, filed February 13, 2008.** Notably, Exhibit A lists all of the items Defendant requests be returned to him in the instant motion. After examining these documents, the Court concluded in the February 27 order that the Government was entitled to retain the property listed in Exhibit A. Defendant's claim – that the Government is fraudulently withholding property that should rightfully be returned to him – is thus entirely meritless.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for new trial, construed as a motion for reconsideration under Fed. R. Civ. P. 60(b), is hereby **DENIED**.

4

Signed: March 11, 2008

Lacy H. Thornburg
United States District Judge