# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## MISC. NO. 1:08MC5

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| 515 CONCORD AVE., ANDERSON, ) | |
| SC; ROBERT B. CLARKSON ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Robert B. Clarkson's "third motion for return of property," filed May 5, 2008. Also before the Court is a similar motion from Mr. Clarkson's wife, Donna Clarkson, filed May 19, 2008. Finally, Mr. Clarkson also filed a "petition for contempt of court" on May 23, 2008, which the Court will consider at this time.

## I. MOTIONS FOR RETURN OF PROPERTY

Prior orders have detailed the procedural history of this case, and the Court will not repeat itself here. **See Order, filed January 29, 2008, at 1-2; Order, filed February 27, 2008, at 1-2; Order, filed March 11, 2008, at**

**3.** The undersigned has twice denied Mr. Clarkson's motions for return of property seized by the Federal Bureau of Investigation (FBI) pursuant to a valid search warrant on May 3, 2007. **See Order of February 27, 2008, *supra*, at 3; Order of March 11, 2008, *supra*, at 3.** Mr. Clarkson's motion of May 5, 2008, represents his third attempt to obtain the same relief.

The Court notes that its Orders of February 27, 2008, and March 11, 2008, are currently on appeal to the Fourth Circuit. **See Notice of Appeal, filed March 27, 2008.** Generally, "[w]hile the district court does not have jurisdiction to grant relief from a judgment . . . while a case is pending on appeal, a district court may consider a motion for such relief and *deny* such relief without remand from the appellate court.*" **McManus v. District of Columbia*, __ F. Supp. 2d __, 2008 WL 1787312 at \*2, 2008 U.S. Dist. LEXIS 32427 at \*8, (D.D.C. 2008).** Thus, the Court is able to consider Mr. Clarkson's third motion, despite his pending appeal.

Mr. Clarkson's repetitive motions have unvaryingly recited some permutation of the same basic argument, namely that the FBI promised to return certain items it seized on May 3, 2007, but later reneged on that promise. The instant motion is no different, and accordingly it will be summarily denied. Furthermore, as Mrs. Clarkson's motion of May 19,

2008, does not vary in substance from the numerous motions filed by her husband, it will be denied as well.

## II.  MOTION FOR CONTEMPT

The Court will also address Mr. Clarkson's "petition for contempt of court," filed May 23, 2008.  This motion requests the Court to hold FBI Agents Andrew R. Romagnuola and James Russell in contempt of court for their alleged "open and defiant refusal to return valuable properties and to obey the trial judge's orders." **Petition for Contempt of Court, filed May 23, 2008, at 2.**  The motion also alleges that the Government filed false pleadings and affidavits in this litigation, conducted an illegal search and seizure of the Clarksons' property, and "deceitfully disrupted a fringe political organization." *Id.* **at 4, 6, 7.**

To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) . . . that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (quoting *Colonial Williamsburg Found. v. The Kittinger Co.*, 792 F. Supp. 1397, 1405-06 (E.D. Va.1992), *aff'd*, 38 F.3d 133, 136 (4th Cir.1994)). "When a district court's decision is based on an interpretation of its own order, [the appellate court's standard of review is highly] deferential because district courts are in the best position to interpret their own orders." *JTH Tax, Inc. v. H & R Block Eastern Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004).

In this case, Defendant has produced no evidence to support any of the four factors listed in *Ashcraft*. Indeed, the only documents he has submitted in support of his motion for contempt are an unsworn "summary of events" and what appears to be an internet printout of an article from an unnamed news source, describing the May 3, 2007, FBI search of the Clarksons' house. The Court finds that these documents do not amount to clear and convincing evidence of any of the *Ashcraft* factors. Mr. Clarkson's motion for contempt is therefore without merit.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the separate motions of Mr. and Mrs. Clarkson for return of property are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Clarkson's motion for contempt is hereby **DENIED**.

Signed: June 5, 2008

Lacy H. Thornburg
United States District Judge